UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALISHIA MONIQUE JONES,

                Plaintiff,

v.

PONTIAC HOUSING COMMISSION, et al.,

                Defendants.

---------------------------------------------------/

CaseNo. 2:25-cv-10681

Honorable Susan K. DeClercq
United States District Judge

F I L E D
NOV 2 1 2025
CLERK'S OFFICE
DETROIT

# **PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

## WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF SERVICE

NOW COMES Plaintiff, Alishia Jones, in proper person, and submits this Response to the Court's Order to Show Cause regarding alleged lack of service as to eleven (11) Defendants. Plaintiff states as follows:

---

# I. PLAINTIFF EFFECTED VALID SERVICE AT DEFENDANTS' USUAL PLACE OF BUSINESS

1. Plaintiff, by way her her server, Marcus Kelley, visited the Defendants' place of employment, the Pontiac Housing Commission, to serve the Summons and Complaint.

2. Server was informed by the front-desk secretary that the Defendants were in a meeting but physically present in the building.

3. Server asked the secretary to accept the documents, and the secretary agreed and did so. Plaintiff filed this Proof of Service with the Court.

4. Service is valid when made at a defendant's usual place of business and delivered to an individual who appears to be authorized to accept documents.

## Supporting Sixth Circuit Case Law

- Bridgeport Music, Inc. v. Rhyme Syndicate Music, 376 F.3d 615, 623 (6th Cir. 2004) – service rules should be applied in a manner consistent with due process; defects are excused when defendant receives actual notice.

- Tokio Marine & Fire Ins. Co. v. Flota Mercante Grancolombiana, S.A., 35 F.3d 1134, 1151 (6th Cir. 1994) – substantial compliance with service rules is sufficient when service is reasonably calculated to provide notice.

- Salyers v. City of Portsmouth, 534 Fed. App'x 454, 459 (6th Cir. 2013) – service may be upheld where defendant received actual notice even if service was not technically perfect.

## Michigan Case Law (for completeness):

- *Holliday v. Townley*, 189 Mich App 424 (1991).

- *Barclay v. Crown Bldg. & Dev., Inc.*, 241 Mich App 639 (2000).

These cases support service through an apparent office agent.

# II. DEFENDANT JACK McINTYRE WAS ALSO PROPERLY SERVED

5. Plaintiff's server, Marcus Kelley also independently attempted personal service on Defendant Jack McIntyre by going directly to his office.

6. Defendant was not present and his office door was locked.

7. Defendant McIntyre's assistant, Clarence Cohan, clearly instructed server, Marcus Kelley, to slide the Summons and Complaint under Defendant McIntyre's door, indicating that this method was acceptable.

8. Server complied and filed the corresponding Proof of Service.

### Supporting Sixth Circuit Case Law

- **LSJ Inv. Co., Inc. v. O.L.D., Inc., 167 F.3d 320, 322–23 (6th Cir. 1999)** – service upheld where documents were delivered in a manner reasonably calculated to provide notice at defendant's business address.

- **United States v. Robinson, 305 F.3d 732, 735 (6th Cir. 2002)** – service rules must be interpreted in light of their core purpose: providing notice.

- **Friedman v. Estate of Presser, 929 F.2d 1151, 1156 (6th Cir. 1991)** – the Sixth Circuit emphasizes that actual notice strongly weighs in favor of finding service proper.

These cases support the idea that service at a defendant's usual place of business, particularly when following instructions from the defendant's staff, is reasonably calculated to provide notice and therefore valid.

---

# III. DISMISSAL IS NOT WARRANTED WHERE GOOD-FAITH ATTEMPTS AT SERVICE WERE MADE

9. Plaintiff acted diligently and in good faith, serving Defendants at their business office, and Defendants received actual notice through their staff.

10. Sixth Circuit precedent disfavors dismissal where a plaintiff made reasonable efforts and the defendants clearly received notice.

### Supporting Sixth Circuit Case Law

- Habib v. General Motors Corp., 15 F.3d 72, 74 (6th Cir. 1994) – courts must allow cases to proceed when good cause exists, particularly when Plaintiff made reasonable attempts at service.

- Sullivan v. Brown, 544 F.2d 279, 281 (6th Cir. 1976) – dismissal for technical defects in service is improper when defendant had actual notice.

- United States v. Carolina Transformer Co., 978 F.2d 832, 836 (6th Cir. 1992) – substantial compliance with service rules will suffice when actual notice is achieved.

Together, these cases establish that reasonable, good-faith service that provides actual notice should not result in dismissal.

---

# WHEREFORE, Plaintiff respectfully requests that this Court:

A. Find that Plaintiff properly served all eleven Defendants;
B. Discharge the Order to Show Cause; and
C. Allow the matter to proceed on the merits.

Respectfully submitted,

---

**Alishia Jones, Plaintiff**
**In Pro Per**

84 pineog rove st
Pontiac ML 48342
348)740-0488