UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALISHIA MONIQUE JONES,

        Plaintiff,

v.

AHMED TAYLOR, et al.,

        Defendants.

_____/

Case No. 2:25-cv-10681

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR 60-DAY
EXTENSION AND TO HOLD THE CASE IN ABEYANCE (ECF No. 15),
DISMISSING THE CASE WITHOUT PREJUDICE AS TO ELEVEN
DEFENDANTS FOR FAILURE TO SERVE, AND STRIKING THE
AMENDED COMPLAINT AND MOTION FOR RECONSIDERATION
(ECF No. 17)**

In March 2025, Plaintiff Alishia Monique Jones sued Defendants Ahmed

Taylor, Tzvi Koslowe, SK Nahar LLC, the Pontiac Housing Commission (PHC),

Dean Bevacqua, Melanie Rutherford, Art McClellan, Dustin McClellan, Jack

McIntyre, Dana Hudson, Yvette Transou, Antoine Ott-Terrell, KOM Properties, and

Oakland County, alleging that they all committed negligence and violated her rights

under the Fair Housing Act, 42 U.S.C. § 3604 *et seq.*, and the Housing Choice

Voucher Program (HCVP).

In April 2025, PHC moved to dismiss the complaint and noted that none of

the other seven Defendants who were affiliated with PHC as officers or commissioners—Bevacqua, Hudson, A. McClellan, D. McClellan, Ott-Terrell, Taylor, and Transou (collectively "the PHC Defendants")—had been properly served. ECF No. 7 at PageID.52 n. 1.

On November 6, 2025, this Court granted PHC's motion and dismissed the complaint as to PHC. ECF No. 14.[1] This Court also issued an order directing Jones to show cause why her case should not be dismissed as to Defendants McIntyre, Rutherford, KOM Properties, Oakland County, and the PHC Defendants for lack of proper service, noting that Jones appeared to have only served Defendants Koslowe and SK Nahar LLC properly. ECF No. 13.

On November 21, 2026, Jones filed three documents. The first was a motion requesting not only a 60-day extension of unspecified deadlines but also a an order holding her case in abeyance so she could obtain counsel, amend her complaint, "[p]rovide newly discovered evidence to counsel, [and] [p]repare filings in compliance with federal pleading standards." ECF No. 15 at PageID.126. Later in that same filing, she framed her request as "for the limited purpose of allowing [Jones] to secure legal representation." ECF No. 15 at PageID.134. She specifically requested that this Court assist her in locating counsel or appointing her counsel

---

[1] This Court also dismissed with prejudice Plaintiff's claims under the HCVP as to all Defendants because the HCVP does not confer a private right of action. ECF No. 14 at PageID.127–29, 132.

pursuant to 28 U.S.C. § 1915(e)(1). *Id.* at PageID.125. Second, Jones filed a response to the show-cause order in which she says she properly effectuated service because Defendants received actual notice of her complaint through their staff and because Jones "acted diligently and in good faith." ECF No. 16. Finally, the third document Jones filed that day was an amended complaint that named the same Defendants—including the dismissed party, PHC—with an embedded motion for reconsideration of this Court's order that granted PHC's motion to dismiss. ECF No. 17 at PageID.143, 146–48.

Each of Jones's November 21, 2026 filings will be addressed in turn below.

## I. MOTION FOR EXTENSION AND TO HOLD IN ABEYANCE

First, Jones asks this Court to give her a 60-day extension of unspecified deadlines and to hold this case in abeyance primarily for the purpose of securing counsel—as well as to amend her complaint and "prepare filings." ECF No. 15 at PageID.134. Because this request is both moot and not an appropriate reason to stay a case, the motion will be denied.

Under the Federal Rules of Civil Procedure, "district courts have wide discretion to manage their own dockets and decide issues which have consumed considerable resources." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999); *see also Good v. BioLife Plasma Servs., L.P.*, 656 F. Supp. 3d 738 740 (E.D. Mich. 2023). This discretion includes holding a case in abeyance. *See Gibson v. Wal-Mart Stores,*

- 3 -

*Inc.*, 182 F.3d 917 (6th Cir. 1999). But holding cases in abeyance must be for appropriate purposes to effectuate "the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. Where the deadline in question would further delay service, courts consider several factors that center on whether an extension would be prejudicial. *See United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 569 (6th Cir. 2022).

Here, first and foremost, Jones's motion is moot, given that more than 60 days have elapsed since the date she filed it and the date of this Order. *See* ECF No. 15. But even if it were not moot, Jones does not specify what deadline she seeks to have extended. Moreover, seeking time to obtain counsel as a civil *pro se* litigant is not an appropriate basis for a court to hold a case in abeyance, especially where many Defendants have not even been served. Although this Court is sympathetic to Jones being "a low-income individual" who lacks legal training, *id.* at PageID.134, a plaintiff in this type of civil matter does not have a right to representation. *Compare Hubbard v. Braley*, No. 21-11421, 2023 WL 373602, at *1 (E.D. Mich. Jan. 24, 2023) (observing that "[t]here is no constitutional right to the appointment of counsel in civil cases") (citing *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25–27 (1981)) *with Rothgery v. Gillespie Cnty., Tex.*, 554 U.S. 191, 198 (2008) (recognizing a *defendant's* right to counsel in a *criminal prosecution*).

- 4 -

Jones certainly may continue seeking *pro bono* counsel independently, but this Court will not delay the progression of a year-old case that is still in the pleadings phase for this improper purpose, as this would be prejudicial to Defendants. *See generally Oakland Physicians*, 44 F.4th at 569; *Good*, 656 F. Supp. 3d at 740. And again, Jones has had since November 2025 when she filed this motion to obtain counsel, so any requests for additional time to secure counsel are both moot and not warranted. Therefore, the motion will be denied.

## II. APPOINTMENT OF COUNSEL

Jones also asks this Court to assist her in identifying or appointing *pro bono* counsel under 28 U.S.C. § 1915(e)(1). ECF No. 15 at PageID.135. For the reasons provided below, this Court will deny her request.

Section 1915 addresses plaintiffs who have applied to proceed without prepaying fees, that is, *in forma pauperis*, and under § 1915(e)(1) courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §§ 1915(e)(1); 1915(a)(1). "Although a district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant, appoint of such counsel is not a constitutional right." *Parker v. Johnson*, No. 25-13042, 2026 WL 814333, at *1 (E.D. Mich. Mar. 24, 2026) (citing *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993)). And given that there are no funds appropriated to compensate or reimburse an appointed counsel under this statute, courts rarely appoint counsel

in civil cases unless the plaintiff shows "exceptional circumstances." *Id.* (citing *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007)); *see also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir.2003) ("The appointment of counsel is not a constitutional right and is justified only in exceptional circumstances"). "To determine whether 'exceptional circumstances' exist, the Court considers the type of case involved, the party's ability to represent [herself], the complexity of the case, and whether the claims being presented are frivolous or have a small likelihood of success." *Parker*, 2026 WL 814333, at *1. Because of the lattermost consideration, requests for appointing counsel before the exhaustion of dispositive motions are "*almost always denied.*" *Id.* (quoting *Dixon v. Kraft*, No. CV 16-14439, 2017 WL 11490775, at *1 (E.D. Mich. Mar. 14, 2017)).

Preliminarily, Jones paid the civil filing fee, ECF No. 1, and did not apply to proceed *in forma pauperis*. She nevertheless asserts that she "is a low-income individual." ECF No. 15 at PageID.134.

More significantly, at this early stage, appointing counsel is not warranted because although this Court decided PHC's motion to dismiss,[2] the remaining

---

[2] And to the extent that this Court addressed and granted the PHC's motion to dismiss, this Court cautioned Jones that her claims against the PHC Defendants were not likely to survive a motion to dismiss for the same reasons that they did not survive against the PHC. ECF Nos. 13 at PageID.113; 14 at PageID.132–33. Accordingly, this Court has considered and found that Jones's claims "have a small likelihood of success," which weighs against appointing counsel. *See Parker*, 2026 WL 814333, at *1.

Defendants have not yet filed dispositive motions, namely because they have not yet been properly served. *See Parker*, 2026 WL 814333, at *1 ("[T]his Court almost always denies motions for appointment of counsel until after dispositive motions are decided."). Thus, Jones has not shown that any exceptional circumstances warrant appointment of counsel at this time. *See id.*(finding that claiming to not have legal training did not amount to an exceptional circumstance warranting appointment of counsel). Accordingly, this Court will deny Jones's request for appointment of counsel.

### III. SERVICE

As stated, Jones filed her complaint in March 2025, ECF No. 1, and attempted to serve Defendants the following day, *see* ECF Nos. 3; 5. But upon examination of the certificate of service, this Court found that service had not been proper for all but two Defendants. *See* ECF No. 13. Thus, in November 2025, this Court ordered Jones to show cause why her case should not be dismissed as to the eleven improperly served Defendants for failure to serve. *Id.*

In Jones's response, she argues that service had occurred properly and that she had operated with diligence and good faith. ECF No. 16. For the reasons provided below, this Court finds that Jones has not shown good cause for the failure to serve the eleven Defendants, so this Court will dismiss the case against these Defendants.

### A. Legal Standard

Under Civil Rule 4(m), the plaintiff must serve a defendant within 90 days after filing her complaint. FED. R. CIV. P. 4(m). If she fails to do so, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time." *Id.* "To avoid dismissal, [the] [p]laintiff must have demonstrated good cause for failing to serve process on [the] [d]efendant." *Koehn v. 313 Presents, LLC*, 649 F. Supp. 3d 465, 467 (E.D. Mich. 2023). "It is [the] plaintiff's burden to establish good cause for failing to timely effect service." *Johnson v. Stellantis Auto. Grp.*, No. 22-10777, 2022 WL 17576558, at *1 (E.D. Mich. Nov. 15, 2022), *report and recommendation adopted* 2022 WL 17574523 (E.D. Mich. Dec. 9, 2022). Good cause requires some degree of diligence on the plaintiff's part, but miscommunication or inadvertence are insufficient to establish good cause. *Koehn*, 649 F. Supp. 3d at 467 (collecting cases). Diligence includes "ordering a new summons or serving process" in the correct manner, particularly after being directed to show cause. *Id.* at 468. Otherwise, in the "[a]bsen[ce] of a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure[3]

---

[3] In addition to Civil Rule 4(m), Civil Rule 41(b) governing failures to prosecute "mandate[s] dismissal if service is not completed within the allotted time, unless good cause is shown for the failure." *Jwad v. Mobis N. Am., LLC*, 741 F. Supp. 3d 689, 692 (E.D. Mich. 2024).

compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (citing *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)).

## B. Service for the PHC Defendants

In the show-cause order, this Court observed that without express authorization, serving defendants by way of front-desk secretaries or receptionists does not often comply with service requirements. ECF No. 13 at PageID.107 (citing *Strong v. Gen. Motors Flint Assembly*, No. 25-CV-12593, 2025 WL 2627672, at *1 (E.D. Mich. Sept. 11, 2025) and *Raimondo v. Myers*, No. 04-CV-74287-DT, 2005 WL 8169120, at *2 (E.D. Mich. Aug. 16, 2005)). Additionally, this Court noted that actual knowledge of a lawsuit does not substitute for proper service under Civil Rule 4. *See id.* at PageID.108–09 (citing *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999)). This Court then found that in the absence of "more clarity about whether [the PHC secretary] was authorized to receive service of process, this Court may not conclude that Jones properly served the PHC-affiliated Defendants." *Id.* at PageID.108.

In her response to the show-cause order, Jones argues that service for the PHC Defendants was proper because the "[s]erver asked the secretary to accept the documents, and the secretary agreed and did so," which was at the PHC Defendants' "usual place of business and delivered to an individual who appears to be authorized

to accept documents." ECF No. 16 at PageID.139. Jones refers to three Sixth Circuit cases and two Michigan state cases that she says "support service through an apparent office agent." *Id.*

But for several reasons, Jones has not satisfied the show-cause order. First, Jones's response does not offer additional information that would clarify whether the PHC secretary was authorized by the PHC to accept service. Instead, she merely reiterates how her server gave the documents to the PHC secretary and argues that the secretary appeared to be authorized. But *apparent* authority does not confer *actual* authority for an individual to accept service on another's behalf. *See Raimondo*, 2005 WL 8169120, at *2–3.

Second, the cases to which Jones refers do not support her claim. In fact, the first case Jones lists, *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, supports the opposite of what she argues. 376 F.3d 615, 624 (6th Cir. 2004). In *Bridgeport*, the Sixth Circuit held that "[a]ctual knowledge of a lawsuit does not substitute for proper service under" Civil Rule 4, and serving an agent who "has never been authorized to accept service of process on behalf of" one of the defendants[4] means that a district court may dismiss the action for lack of proper service. *Id*. Accordingly, that Jones

---

[4] As for analyzing the other defendant's service, the Sixth Circuit had to rely on California law where the defendant resided, which is not applicable here in Michigan. *See id.* at 624–25.

- 10 -

served a secretary at PHC at the PHC Defendants' "usual place of business" does not mean service was proper under federal and Michigan law. *Cf. id.* at 625.

Jones's citation to *Tokio Marine & Fire Insurance Company v. Flota Mercante Grancolombiana, S.A.*, 35 F.3d 1134 (6th Cir. 1994) is not to a real case, which suggests that Jones might be using artificial intelligence (AI) software prone to creating fake cases. And citing to cases that do not exist is a sanctionable offense. *See Hardy v. Jones*, No. 25-12718, 2026 WL 801202, at *1 (E.D. Mich. Mar. 23, 2026) (warning a *pro se* plaintiff that the court would recommend sanctions, including involuntary dismissal, for his repeated use of AI to generate fake cases); *see also Whiting City of Athens Tennessee*, No. 25-5424, 2026 WL 710568, at *4 (6th Cir. Mar. 13, 2026) (holding that "[c]iting even a single fake case can be sanctionable"). Accordingly, this Court warns Jones that she may be subject to sanctions, including dismissal, if she continues to use AI to generate fake citations or misrepresent cases.

As for the other cases she cites, they do not support her argument either. Indeed, *Salyers v. City of Porthsmouth*, 534 F. App'x 454 (6th Cir. 1013) concerns an appeal of summary judgment in § 1983 claim and does not state, as Jones claims, that "service may be upheld where defendant received actual notice even if service was not technically perfect." ECF No. 16 at PageID.139. And in *Holliday v. Townley*, the Michigan Court of Appeals held that dismissing the plaintiff's action was proper

because service was not simply defective but rather not effectuated outright. 473 N.W.2d 733, 734 (Mich. Ct. App. 1991). In *Barclay v. Crown Building and Development*, the Michigan Court of Appeals held that an individual's refusal to take a summons and complaint in hand did not mean that service was improper because the defendant was left with the documents in his control after being directly "offered them and informed of their contents." 617 N.W.2d 373, 378 (Mich. Ct. App. 2000). But here, Jones's server left the documents with a secretary, so this Court cannot confirm that the PHC Defendants ever received or were offered them and informed of their contents. *See id.*

Third, the Sixth Circuit has consistently held that notice of a lawsuit does not mean that service was properly effectuated. *See LSJ Inv. Co.*, 167 F.3d at 322; *see also Bridgeport Music*, 376 F.3d at 624. Thus, regardless of whether the PHC Defendants have actual knowledge or notice of this lawsuit, they must still be properly served in accordance with Civil Rule 4. *Cf. HPIL Holding, Inc. v. Zhang*, 734 F. Supp. 3d 664, 695 (E.D. Mich. 2024) (noting that the rules for service of process should be construed liberally where a defendant has actual notice of a proceedings *as indicated by the defendant filing motions and engaging in the proceedings*). Thus, given that they were not properly served under Civil Rule 4 and that Jones has not made renewed diligent efforts to serve them properly since the show-cause order was issued, Jones has not shown good cause why her case should

not be dismissed as to the PHC Defendants. *See Koehn*, 649 F. Supp. 3d at 468. Accordingly, this Court will dismiss the case against the PHC Defendants.

**C. Service for McIntyre, Rutherford, KOM Properties, and Oakland County**

In the show-cause order, this Court found that Defendant McIntyre was not properly served because the server slid the documents "under his door due to the fact that he was not at his office" instead of personally delivering them to McIntyre himself. ECF No. 13 at PageID.109–10.

In response, Jones argues that this service was proper because the server followed the instructions of McIntyre's assistant, "indicating that this method was acceptable." ECF No. 16 at PageID.140. She again lists three Sixth Circuit cases[5] in her defense which allegedly "support the idea that service at a defendant's usual place of business, particularly when following instructions from the defendant's staff, is reasonably calculated to provide notice and therefore valid." *Id.*

Again, Jones's arguments are unavailing. In one of the cases she cites, *LSJ Investment Company*, the Sixth Circuit expressly held the opposite of Jones's

---

[5] The case of *United States v. Robinson*, 305 F.3d 732, 735 (6th Cir. 2002), appears to be another fake case generated by AI software. *See Hardy*, 2026 WL 801202, at *1. This Court again warns Jones that she may be subject to sanctions, including dismissal, if she continues to use AI to generate fake citations or misrepresent cases. *See id.*

argument, noting that "it will not allow actual knowledge of a lawsuit to substitute for proper service under" Civil Rule 4. 167 F.3d at 322. The Sixth Circuit ultimately held that service by mail to the Ohio defendant's secretary was proper *under the relevant Ohio rules. Id.* at 322–23. Because Jones neither served McIntyre by mail nor is McIntyre an Ohio resident, this holding does not support her argument. *See id.* And in the other case, *Friedman v. Estate of Presser*, the Sixth Circuit again expressly held, as a "majority rule," that a district court errs if it determines "that actual knowledge of the action cured a technically defective service of process." 929 F.2d 1151, 1156 (6th Cir. 1991).

Therefore, McIntyre was not properly served, regardless of whether McIntyre had actual notice of Jones's lawsuit. *See id.* Accordingly, this Court will dismiss the case against McIntyre. *See* FED. R. CIV. P. 4(m).

As for Defendants Rutherford, KOM Properties, and Oakland County, Jones provides no argument as to why the case should not be dismissed against them. *See generally* ECF No. 16. Indeed, she does not even mention these Defendants in her response. *See generally id.* Accordingly, this Court finds that Jones has essentially not responded to the show-cause order regarding these Defendants and will dismiss the case against them. *See id.*; *see also Jones v. Bynum*, No. 23-10674, 2023 WL 8287198, at *1 (E.D. Mich. Nov. 8, 2023) (recommending dismissal for failure to serve under Civil Rule 4(m) and for failure to prosecute under Civil Rule 41(b) for

- 14 -

not responding to the show-cause order), *report and recommendation adopted* 2023 WL 8283604 (E.D. Mich. Nov. 30, 2023).

In sum, the complaint will be dismissed for failure to serve as to all Defendants except Tsvi Koslowe and SK Nahar LLC. *See* FED. R. CIV. P. 4(m); *see generally* FED. R. CIV. P. 41(b).

### IV. AMENDED COMPLAINT

Briefly, Jones also filed an amended complaint in which she names the following Defendants: PHC, McIntyre, Taylor, D. McClellan, Rutherford, Bevacqua, Transou, Hudson, Ott-Terrell, A. McClellan, Koslowe, SK Nahar, KOM Properties and "DeAngelo Taylor, the brother of the Executive Director of Pontiac Housing Commission." ECF No. 17 at PageID.142–43. But this Court granted the motion to dismiss the case against PHC with prejudice, *see* ECF No. 14, and has determined that Jones's case should be dismissed as to the eleven Defendants who were not properly served.

Furthermore, Jones embedded a "motion for reconsideration" in her amended complaint. ECF No. 17 at PageID.146–48. Altogether, this warrants the amended complaint to be stricken, and this Court will strike it accordingly. *See* E.D. Mich. LR 7.1(i) ("Motions must not be combined with any other stand-alone document. For example, a motion for [reconsideration] must not be combined with a complaint . . . . **Papers filed in violation of this rule will be stricken.**") (Emphasis added).

- 15 -

## V. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion for 60 Day Extension and to Hold Case in Abeyance for Purposes of Obtaining Counsel, ECF No. 15, is **DENIED**.

It is further **ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE** as to Defendants Ahmed Taylor, Dean Bevacqua, Melanie Rutherford, Art McClellan, Dustin McClellan, Jack McIntyre, Dana Hudson, Yvette Transou, Antoine Ott-Terrell, KOM Properties, and Oakland County for failure to serve.

It is further **ORDERED** that Plaintiff's Amended Complaint with a Motion for Reconsideration, ECF No. 17, is **STRICKEN**.

It is further **ORDERED** that Plaintiff is **WARNED** that she may be sanctioned—including having her case involuntarily dismissed—if she misrepresents cases or includes fake citations in future filings.

**IT IS SO ORDERED.**

- 16 -

**This is not a final order and does not close the above-captioned case.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: April 22, 2026