UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALISHIA MONIQUE JONES,

        Plaintiff,

v.

TZVI DOSLOWE and SK NAHAR LLC,

        Defendants.

_____/

Case No. 2:25-cv-10681

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER DISMISSING PLAINTIFF'S CASE FOR FAILURE
TO PROSECUTE**

In March 2025, Plaintiff Alishia Monique Jones filed a lawsuit against fourteen defendants for alleged negligence and violations of her rights under the Fair Housing Act, 42 U.S.C. § 3604 *et seq.*, and the Housing Choice Voucher Program. ECF No. 1. As of today, her action remains pending against just two Defendants: SK Nahar LLC and Tzvi Koslowe—the alleged property management company and its owner of her former rental home, respectively—who were the only Defendants properly served. *See* ECF Nos. 5; 13. But neither has answered Jones's complaint or otherwise appeared.

Accordingly, this Court ordered Jones to show cause why her case should not be dismissed for failure to prosecute. ECF No. 19. In a two-page response to the order, Jones simply restated the general claims in her complaint and argued that she

has "been diligently attempting to seek justice." ECF No. 20. But this answer is not supported by the record because she has not taken actual legal steps—such as filing for a clerk's entry of default—to litigate her case against SK Nahar LLC and Koslowe. Given that her overall response is deficient, this Court must address the appropriateness of dismissing her case for failing to prosecute.

Civil Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008). Although not expressly stated in the Rule, "it is well-settled that the district court can enter" an order of dismissal under this Rule *sua sponte*. *See Rogers v. City of Warren*, 302 F. App'x 371, 375 n. 4 (6th Cir. 2008). To determine whether dismissal under Civil Rule 41(b) is appropriate, district courts consider the following factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault;
> (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer*, 529 F.3d at 737 (internal quotation marks and citation omitted).

"Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* In fact, courts may dismiss a complaint under Civil Rule

- 2 -

41(b) *sua sponte* where the plaintiff fails to seek an entry of default against a defendant that has not appeared or answered the complaint for a lengthy period of time. *See Snider v. Beechler*, No. 1:20-cv-648, 2023 WL 4065940, at *1 (E.D. Mich. Mar. 2, 2023); *see also Sampson v. Lyft, Inc.*, No. 4:25-CV-00786, at *1 (S.D. Tex. Nov. 20, 2025) ("Failure to move for entry of default or otherwise move a case forward without court intervention constitutes failure to prosecute."), *report and recommendation adopted by* 2025 WL 3634824 (S.D. Tex. Dec. 10, 2025).

Here, the first factor weighs in Jones's favor because the record does not show that Jones intended "to thwart judicial proceedings or [display] a reckless disregard for the effect of [her] conduct on those proceedings. *See United States ex rel. Oakes v. Cinnaire*, No. 20-1067, 2023 WL 5095977, at *3 (6th Cir. Aug. 9, 2023) (citation modified) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). Indeed, proceeding *pro se*, Jones did her best to respond to this Court's orders and even filed a motion to hold her case in abeyance so she might obtain counsel. *See generally* ECF Nos. 13; 15; 16; 20.

But the remaining factors weigh in favor of dismissal. Indeed, Defendants have not appeared for 14 months, and this Court warned Jones that her failure to prosecute her case could warrant dismissal. *See* ECF No. 19 at PageID.167. Yet Jones has taken no steps to request a clerk's entry of default against them. *See Snider*, 2023 WL 4065940, at *1 (dismissing the plaintiff's claims "[g]iven the lengthy

amount of time since [the plaintiff] has attempted to pursue her claims against [the defendant]"); *see also Hammock v. RMA Recovery Grp.*, No. 2:19-cv-3185, 2019 WL 5307246, at *2 (S.D. Ohio Oct. 21, 2019), *report and recommendation adopted by* 2019 WL 5894278 (S.D. Ohio Nov. 12, 2019) (dismissing the case because of a clear record of delay, including the plaintiff failing to move for an entry of default and a show cause warning that the case may be dismissed for failure to prosecute). Given that Jones's overall response to the show-cause order was deficient by not taking legal action to prosecute, that her efforts to move the case forward have occurred primarily only upon court prompting, and that Defendants have not appeared for over a year, this Court finds "that no alternative sanction would protect the integrity of the pretrial process." *Hammock*, 2019 WL 5307246, at *2 (finding that dismissal is warranted by this Court's necessary authority "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts") (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)).

Therefore, this Court finds that Jones's response to the show-cause order is deficient, and it will dismiss her case without prejudice. FED. R. CIV. P. 41(b); E.D. Mich. LR 41.2; *see Little v. Yuetter*, 984 F.2d 160, 162 (6th Cir. 1993) ("[T]he district court has the authority to dismiss a case for failure to prosecute.").

Accordingly, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, and case is **DISMISSED WITHOUT PREJUDICE.**

- 5 -

**This is a final order and closes the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: June 9, 2026